UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALPHONSO JAMES, SR.,

    Petitioner,

v.                                          Case No.:  2:20-cv-830-FtM-38NPM

MARK S. INCH,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Alphonso James, Sr.'s Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 1651(a) and Art. I, § 9, Cl. 2, U.S. Const. (Doc. 1). Petitioner, who is incarcerated within the Florida Department of Corrections at Calhoun Correctional Institution in Blountstown, Florida, challenges his incarceration on the ground that he is a "Free Moorish American" and a "real living Flesh and Blood Man" not subject to the jurisdiction of any government. (Doc. 1 at 9). Petitioner is in custody under two state court convictions entered by the Twentieth Judicial Circuit, Lee County, Florida.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Petitioner seeks habeas relief under the All Writs Act, 28 U.S.C. § 1651, which allows courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." But "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quotation marks omitted). Here, 28 U.S.C. § 2254 squarely addresses the relief Petitioner seeks, so § 2254—not the All Writs Act—applies.

A review of the Court's records reveal that Petitioner has already filed at least a dozen habeas petitions attacking his conviction. *See, e.g.,* Case No. 2:01-cv-536-JES and Case No. 2:08-cv-739-FtM-99SPC. All were denied.

Petitioner has not indicated he obtained leave from the Eleventh Circuit Court of Appeals to file a successive petition. See 28 U.S.C. § 2244(b); Rules Governing Section 2254 Cases in The United States District Courts, R. 9. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Pavon v. Attorney Gen. Fla.*, No. 17-10508, 2018 WL 1733232, at *1 (11th Cir. Apr. 10, 2018) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). The Court recognizes that the term "second or successive" is not self-defining and not all habeas applications filed after the first filed habeas are *per se* successive. *Panetti v. Quarterman*, 551 U.S. 930,

943-44 (2007); *Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011). Having reviewed the Petition, the Court finds that Petitioner has not asserted any facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive." *Id.* at 863. Petitioner could have raised his present claim in an earlier writ. What is more, Petitioner's claim is frivolous, so any amendment would be futile. *See Trevino v. Florida*, 687 F. App'x 861 (11th Cir. 2017) (claims by so-called "sovereign citizens" and "flesh-and-blood human beings" that they are beyond a court's jurisdiction are frivolous and should be summarily dismissed).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition (Doc. 1) is **DISMISSED with prejudice as successive and frivolous**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment, close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 6, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3